UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Docket No.: 1:24-CV-12654

JOSEPH ABASCIANO,

    Plaintiff,

    v.

CITY OF BOSTON, by and through its
Treasurer, Ashley Groffenberger; MICHELLE
WU; MICHAEL A. COX; PHILLIP OWENS;
and JOSEPH COPPINGER,

    Defendants

## <u>DEFENDANTS' ANSWER TO PLAINTIFF'S AMENDED VERIFIED COMPLAINT</u>

The Defendants, City of Boston, by and through its Treasurer Ashley Groffenberger,

Michelle Wu, Michael A. Cox, Phillip Owens, and Joseph Coppinger, respond to each numbered

paragraph of the Plaintiff's Amended Complaint as follows:

### <u>The Parties</u>

1.    The Defendants state that this paragraph contains legal conclusions to which no response

is required. Responding further, that Defendants are without knowledge or information

sufficient to form a belief as to the truth of the allegations contained in this paragraph.

2.    The Defendants state that this paragraph contains legal conclusions to which no response

is required.

3.    The Defendants admit that Michelle Wu is the Mayor of the City of Boston. The

Defendants state that the remainder of this paragraph contains legal conclusions to which

no response is required.

4.      The Defendants admit that Michael A. Cox is the Commissioner of the Boston Police Department. The Defendants state that the remainder of this paragraph contains legal conclusions to which no response is required.

5.      The Defendants admit that Phillip Owens is an employee of the Boston Police Department. The Defendants state that the remainder of this paragraph contains legal conclusions to which no response is required.

6.      The Defendants admit that Joseph Coppinger is an employee of the Boston Police Department, is a resident of the Commonwealth of Massachusetts, was an employee of the City of Boston and a member of the Boston Police Department. The Defendants state that the remainder of this paragraph contains legal conclusions to which no response is required.

### Jurisdiction and Venue

7.      The Defendants state that this paragraph contains legal conclusions to which no response is required.

8.      The Defendants state that this paragraph contains legal conclusions to which no response is required.

9.      The Defendants state that this paragraph contains legal conclusions to which no response is required.

10.     The Defendants state that this paragraph contains legal conclusions to which no response is required.

11.     The Defendants state that this paragraph contains legal conclusions to which no response is required.

**Administrative Procedures**

12.     The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

13.     The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

14.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

15.     This is a legal conclusion to which no response is required.

**Factual Allegations**

**Abasciano's employment with the Boston Police Department**

16.     The Defendants admit the allegations contained in this paragraph.

17.     The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

18.     The Defendants deny the allegations contained in this paragraph.

19.     The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

20.     The Defendants deny the allegation contained in this paragraph.

**Abasciano takes FMLA family leave due to his wife's pregnancy**

21.     The Defendants admit that after taking sick leave from July 2020 until September 2020, the Plaintiff then took full time Family Medical Leave (FMLA) beginning in September 2020.

22.     The Defendants admit that beginning on November 15, 2020, the Plaintiff was granted full time FMLA through January 23, 2021.

23.    The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

24.    The Defendants admit that beginning on November 15, 2020, the Plaintiff was granted full time FMLA through January 23, 2021.

25.    The Defendants admit the allegations contained in this paragraph.

26.    The Defendants admit the allegations contained in this paragraph.

27.    The Defendants admit the allegations contained in this paragraph.

28.    The Defendants admit the allegations contained in this paragraph.

29.    The Defendants admit that travel is not restricted if it is consistent with the purpose of FMLA.

### Abasciano travels to Washington, D.C. to attend a Trump rally on January 6, 2021

30.    The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

31.    The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

32.    The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

33.    The Defendants admit the allegations contained in this paragraph.

34.    The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

### The events of January 6, 2021 in Washington, D.C.

35.    The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

36.    The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

37.    The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

38.    The Defendant's deny the allegations contained in this paragraph.

39.    The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

40.    The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

41.    The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

42.    The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.[1] However, the Plaintiff's statement that he witnessed no law enforcement presence prior to arriving at the Capital is directly contradicted by his statements in paragraph 34.

43.    The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph[2].

44.    The Defendants are without knowledge or information sufficient to form a belief as to the

---

[1] The Plaintiff's assertion is unlikely as documented through Congressional hearings and official investigations. By 1:07 p.m. the fence at the capital had been breached. At 1:40 p.m. rioters had proceeded up the Capital stairs and dozens of people were climbing scaffolding up the side of the building. At 1:49 p.m. rioters breached the Upper West Terrace of the Capitol, and the Metropolitan Police Department declared a riot was occurring. By 1:59 p.m. the first rioters were breaching the Capitol doors and windows and by 2:13 p.m. had gained access to the interior of the building. By 2:05 p.m. the first person involved in the riots to die was deceased of a heart attack.

[2] The Plaintiff's assertion is unlikely as between 10:00 a.m. and noon, law enforcement noted numerous people in the area of the Ellipse with weapons. As many as half of the approximately 53,000 individuals present refused to go through the metal detectors and remained outside of the secure area, because they refused to be screened for weapons, some of which were carrying open weapons.

truth of the allegations contained in this paragraph.

45.    The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

46.    The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

47.    The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

48.    The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

49.    The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

50.    The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

51.    The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

52.    The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

53.    The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

54.    The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

55.    The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

56.    The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

57.    The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.[3]

## **Twitter**

58.    The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

59.    The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

60.    The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

61.    The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

62.    The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

63.    The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

64.    The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

65.    The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

---

[3] This is over two hours after Trump was done speaking at the Ellipse and almost two hours after the initial barriers at the Capitol were breached. By 3:15 p m., the individual shot and killed at the Capitol had already been transported to the hospital and pronounced deceased. The riots were well underway.

66.    The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

67.    The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

### Abasciano's January 6, 2021 tweets[4]

68.    The Defendants admit that the Plaintiff used the Twitter handle @mailboxjoe, but is without information to form a belief as to the length of time.

69.    The Defendants admit the allegations contained in this paragraph.

70.    The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

71.    The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

72.    The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

73.    The Defendants admit that the Plaintiff posted this Tweet.

74.    The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

75.    The Defendants admit Gabriel Sterling was the Secretary of State for the State of Georgia.

76.    The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

---

[4] The Plaintiff's Twitter (now known as X) account has been removed.

77.    The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

78.    The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

79.    The Defendants admit that the Plaintiff posted this Tweet.

80.    The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

81.    The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.[5]

82.    The Defendants admit that this language is a select passage from a letter that Ulysses Grant wrote to his father, however, at this time of the writing of this letter, Grant was not president.

83.    The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

84.    The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

85.    The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

86.    The Defendants admit that the Plaintiff posted this Tweet.

87.    The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

---

[5] These terms are used in speeches and rhetoric throughout history, including the noted letter by Ulysses S. Grant (who is not mentioned in the Tweet) as well as regularly in many speeches by reprehensible historical figures.

88.    The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

89.    The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

90.    The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

91.    The Defendants admit that the Plaintiff posted this Tweet.

92.    The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

93.    The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

94.    The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

95.    The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

96.    The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

97.    The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

98.    The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

99.    The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

100.   The Defendants admit that the Plaintiff posted this Tweet.

101.   The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

102.   The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

103.   The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

104.   The Defendants admit that the Plaintiff posted this Tweet.

105.   The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

106.   The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

107.   The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

108.   The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

109.   The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

110.   The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

111.   The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

112.   The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

113.   The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

114.   The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

115.   The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

116.   The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

117.   The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

118.   The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

119.   The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

120.   The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

121.   The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

122.   The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

123.   The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

124.   The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

125.   The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

126.   The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

**An anonymous person using the Twitter handle @B.Rosa617 complains to the BPD that Abasciano threated the Vice President and Members of Congress.**

127.   The Defendants deny the allegations contained this paragraph as the Plaintiff has deliberately misquoted the question and the answer.[6]

128.   The Defendants admit the allegations contained in this paragraph.

129.   The Defendants deny the allegations contained in this paragraph.[7]

130.   The Defendants admit the allegations contained in this paragraph.

131.   The Defendants admit the allegations contained in this paragraph.

132.   The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.[8]

---

[6] The interview question posed to then Mayoral Candidate Wu (and all candidates) was "would the city employees who attended the *insurrection* at the Capital building, who are members of white supremacist groups, or who use city or union social media accounts to advocate racism." Mayoral Candidate Wu responded "absolutely" "I'll just add that not only is this a fundamental matter of safety and health for everyone, that we are rooting out white supremacy, but city workers across all departments should be held to standards of accountability and transparency." Boston Globe, January 16, 2021. https://www.boston.com/news/politics/2021/01/16/michelle-wu-andrea-campbell-city-employees-capitol-riot/
[7] See FN 6.
[8] In paragraph 69, the Plaintiff notes that his Twitter (now X) account was anonymous and specifically for the purpose of political speech. Additionally, the complaint to the BPD about the Plaintiff's account was not made until 12 days after he deactivated the account.

133.    The Defendants deny the allegations contained in this paragraph.

134.    The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

**The investigative process at the BPD for complaints against police officers**

135.    The Defendants admit the allegations contained in this paragraph.

136.    The Defendants admit the allegations contained in this paragraph.

137.    The Defendants admit the allegations contained in this paragraph.

138.    The Defendants admit the allegations contained in this paragraph.

139.    The Defendants admit the allegations contained in this paragraph.

140.    The Defendants admit the allegations contained in this paragraph.

141.    The Defendants admit the allegations contained in this paragraph.

142.    The Defendants admit the allegations contained in this paragraph.

143.    The Defendants admit the allegations contained in this paragraph.

144.    The Defendants admit the allegations contained in this paragraph.

145.    The Defendants admit the allegations contained in this paragraph.

146.    The Defendants admit the allegations contained in this paragraph.

147.    The Defendants admit the allegations contained in this paragraph.

148.    The Defendants admit the allegations contained in this paragraph.

149.    The Defendants state that this paragraph of the Plaintiff's Amended Complaint describes one possible procedure.

150.    The Defendants state that this paragraph of the Plaintiff's Amended Complaint describes one possible procedure.

151.    The Defendants state that this paragraph of the Plaintiff's Amended Complaint describes one possible procedure.

152.    The Defendants state that this paragraph of the Plaintiff's Amended Complaint describes one possible procedure.

153.    The Defendants state that this paragraph of the Plaintiff's Amended Complaint describes one possible procedure.

154.    The Defendants state that this paragraph of the Plaintiff's Amended Complaint describes one possible procedure.

155.    The Defendants admit the allegations in this paragraph.

156.    The Defendants state that this paragraph of the Plaintiff's Amended Complaint describes one possible procedure.

157.    The Defendants state that this paragraph of the Plaintiff's Amended Complaint describes one possible procedure.

158.    The Defendants state that this paragraph of the Plaintiff's Amended Complaint describes one possible procedure.

159.    The Defendants state that the rules referenced in this paragraph speak from themselves.

160.    The Defendants state that this paragraph of the Plaintiff's Amended Complaint describes one possible procedure.

**BPD's Anti-Corruption Department investigates the B. Rosa complaint against Abasciano.**

161.    The Defendants admit the allegations contained in this paragraph.

162.    The Defendants admit the allegations contained in this paragraph.

163.    On January 19, 2021, there were multiple Deputy Superintendents at the Boston Police Department.

164.    The Defendants deny the allegations contained in this paragraph.

165.    The Defendants admit the allegations contained in this paragraph.

166.    The Defendants admit the allegations contained in this paragraph.

167.    The Defendants admit the allegations contained in this paragraph.

168.    The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

169.    The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

170.    The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

171.    The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

172.    The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

173.    The close-out report referenced in this paragraph speaks for itself.

174.    The close-out report referenced in this paragraph speaks for itself.

175.    The Defendants admit that the Plaintiff was interviewed on April 21, 2021, by Lt. Det. Michael Connolly and Sgt. Det. Leahy.

176.    The interview referenced in this paragraph speaks for itself.

177.    The interview referenced in this paragraph speaks for itself.

178.    The interview referenced in this paragraph speaks for itself.

179.    The interview referenced in this paragraph speaks for itself.

180.    The interview referenced in this paragraph speaks for itself.

181.    The interview referenced in this paragraph speaks for itself.

182.    The interview referenced in this paragraph speaks for itself.

183.    The interview referenced in this paragraph speaks for itself.

184.    The interview referenced in this paragraph speaks for itself.

185.    The report referenced in this paragraph speaks for itself.

186.    The report referenced in this paragraph speaks for itself.

187.    The Defendants deny the allegations contained in this paragraph. The Plaintiff's

department issued cell phone was checked by the Capitol Police to determine whether it

was in the Capitol and a negative result was returned.

188.    The report referenced in this paragraph speaks for itself.

189.    The Defendants deny the allegation contained in this paragraph.

190.    The report referenced in this paragraph speaks for itself.

191.    The report referenced in this paragraph speaks for itself.

**Seargeant [sic] Detective Rafael Antunez of IA investigates
the B. Rosa complaint against Abasciano.**

192.    On January 19, 2021, Sgt. Det. Rafael Antunez was assigned to investigate the Plaintiff's

conduct.

193.    The report referenced in this paragraph speaks for itself.

194.    The report referenced in this paragraph speaks for itself.

195.    The Defendants admit the allegations contained in this paragraph.

196.    The interview referenced in this paragraph speaks for itself.

197.    The interview referenced in this paragraph speaks for itself.

198.    The interview referenced in this paragraph speaks for itself.

199.    The Defendants admit to the allegations contained in this paragraph.

200.    The report referenced in this paragraph speaks for itself.

201.    The report referenced in this paragraph speaks for itself.

202.    The report referenced in this paragraph speaks for itself.

**Lieutenant Detective Thomas Lema issues a report finding that the
allegations against Abasciano are un-sustained.**

203.    The Defendants admit to the allegations contained in this paragraph.

204.    The Defendants admit that Plaintiff's file was forwarded to Lt. Det. Lema for review.

205.    The report referenced in this paragraph speaks for itself.

206.    The report referenced in this paragraph speaks for itself.

207.    The report referenced in this paragraph speaks for itself.

208.    The report referenced in this paragraph speaks for itself.

209.    The report referenced in this paragraph speaks for itself.

210.    The report referenced in this paragraph speaks for itself.

**Lema's Un-sustained finding is adopted by the Deputy Superintendent,
the Superintendent, and the BPD Legal Department.**

211.    The Defendants admit to the allegations contained in this paragraph.

212.    The Civil Service Commission transcript referenced in this paragraph speaks for itself.

213.    The Civil Service Commission transcript referenced in this paragraph speaks for itself.

214.    The Civil Service Commission transcript referenced in this paragraph speaks for itself.

        However, Dep. Supt. Crispin is misquoted.

215.    The Civil Service Commission transcript referenced in this paragraph speaks for itself.

216.    The Civil Service Commission transcript referenced in this paragraph speaks for itself.

217.    The Civil Service Commission transcript referenced in this paragraph speaks for itself.

218.    The Civil Service Commission transcript referenced in this paragraph speaks for itself.

219.    The Civil Service Commission transcript referenced in this paragraph speaks for itself.

220.    The Civil Service Commission transcript referenced in this paragraph speaks for itself.

221.    The Civil Service Commission transcript referenced in this paragraph speaks for itself.

222.    The Civil Service Commission transcript referenced in this paragraph speaks for itself.

223.    The Civil Service Commission transcript referenced in this paragraph speaks for itself.

224.    The Civil Service Commission transcript referenced in this paragraph speaks for itself.

225.    The Defendants admit to the allegations contained in this paragraph.

226.    The Defendants admit to the allegations contained in this paragraph.

**The BPD denies Abasciano efforts to seek a promotion to detective
after he suffers work-related injuries to his right knee and left hip.**

227.    The Defendants admit that the Plaintiff was assigned to the Medically Incapacitated

Section.

228.    The Defendants are without knowledge or information sufficient to form a belief as to the

truth of the allegations contained in this paragraph.

229.    The Defendants are without knowledge or information sufficient to form a belief as to the

truth of the allegations contained in this paragraph.

230.    The Defendants are without knowledge or information sufficient to form a belief as to the

truth of the allegations contained in this paragraph.

231.    The Defendants are without knowledge or information sufficient to form a belief as to the

truth of the allegations contained in this paragraph.

232.    The Defendants are without knowledge or information sufficient to form a belief as to the

truth of the allegations contained in this paragraph.

233.    The Defendants are without knowledge or information sufficient to form a belief as to the

truth of the allegations contained in this paragraph.

234.    The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

235.    The Defendants deny the allegations in this paragraph. On October 17, 2021, The Plaintiff communicated to Chief O'Brien that his lower extremity injuries were so severe *he could not travel* to obtain the necessary COVID-19 test required to enter a BPD facility. Days later, on October 27, 2021, the Plaintiff presented himself to BPD headquarters, after noting he was too infirm to travel for a COVID-19 test to protect citizens and fellow officers, and produced a doctor's note stating that he was "instructed to remain out of work" and is able to attend class/training only with no limitations (i.e. the required COVID test).

236.    The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

237.    The Defendants admit the allegations contained in this paragraph.

238.    The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

239.    The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

240.    The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

241.    The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

242.    The Defendants are unable to respond to this allegation as it's unclear which particular doctor's note the Plaintiff is referring to and to whom it was allegedly presented.

243.    The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

244.    The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph as the allegation is not clear about what the note is inadequate for.

245.    The Defendants state that the Plaintiff provided a number of doctor's notes.

246.    The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

247.    The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

248.    The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

249.    The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

250.    The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

251.    The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

252.    The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

253.    The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

254.    The Plaintiff's admit that the Defendant did not attend Detectives training.

255.    The Defendants agree that the Plaintiff was not promoted to Detective.

**The BPD submits an involuntary application for
accidental disability retirement on behalf of Abasciano.**

256.    The Defendants admit that the Plaintiff medically retired.

257.    The Defendants are without knowledge or information sufficient to form a belief as to the

truth of the allegations contained in this paragraph.

**After a year of inactivity, the new BPD Commissioner, Michael A. Cox,
sends Abasciano's case to Deputy Superintendent Phillip Owens for a review.**

258.    The Defendants admit to the allegations contained in this paragraph.

259.    The Defendants admit to the allegations contained in this paragraph.

260.    The Defendants admit to the allegations contained in this paragraph; however, no such

request was required as the POST Commission regulations did not come into effect until

June 24, 2022.

261.    The Defendants admit to the allegations contained in this paragraph; however, no such

request was required.

262.    The Civil Service Commission transcript referenced in this paragraph speaks for itself.

263.    The Civil Service Commission transcript referenced in this paragraph speaks for itself.

264.    The Defendants admit that Mayor Wu was sworn into office on November 16, 2021.

265.    The Defendants deny this allegation as the Plaintiff continues to misquote Mayor Wu to

the point of intentional disregard for the truth, in order bolster his false claims.[9]

266.    The Civil Service Commission transcript referenced in this paragraph speaks for itself.

267.    The Civil Service Commission transcript referenced in this paragraph speaks for itself.

268.    The Civil Service Commission transcript referenced in this paragraph speaks for itself.

---

[9] See FN 6.

269.    The Civil Service Commission transcript referenced in this paragraph speaks for itself. However, the record notes that only part of the findings were disagreed with.

270.    The Civil Service Commission transcript referenced in this paragraph speaks for itself.

271.    The Defendants admit to the allegations contained in this paragraph.

272.    The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

273.    The Defendants admit to the allegations contained in this paragraph.

**Owens' [sic] writes a non-concurrence letter in Abasciano's case.**

274.    The Defendants admit to the allegations contained in this paragraph.

275.    The Defendants admit that Det. Sup. Owens wrote a non-concurrence letter.

276.    The Defendants admit to the allegations contained in this paragraph.

277.    The report referenced in this paragraph speaks for itself.

278.    The report referenced in this paragraph speaks for itself.

279.    The report referenced in this paragraph speaks for itself.

280.    The report referenced in this paragraph speaks for itself.

281.    The report referenced in this paragraph speaks for itself.

282.    The report referenced in this paragraph speaks for itself.

283.    The report referenced in this paragraph speaks for itself.

284.    The report referenced in this paragraph speaks for itself.

285.    The report referenced in this paragraph speaks for itself.

286.    The report referenced in this paragraph speaks for itself.

287.    The report referenced in this paragraph speaks for itself.

288.    The report referenced in this paragraph speaks for itself.

289.   The report referenced in this paragraph speaks for itself.

290.   The report referenced in this paragraph speaks for itself.

291.   The report referenced in this paragraph speaks for itself.

292.   The report referenced in this paragraph speaks for itself.

293.   The report referenced in this paragraph speaks for itself.

294.   The Defendants admit to the allegations contained in this paragraph.

295.   The report referenced in this paragraph speaks for itself.

296.   The report referenced in this paragraph speaks for itself.

297.   The report referenced in this paragraph speaks for itself.

298.   The report referenced in this paragraph speaks for itself.

299.   The report referenced in this paragraph speaks for itself.

300.   The report referenced in this paragraph speaks for itself.

301.   The report referenced in this paragraph speaks for itself.

302.   The report referenced in this paragraph speaks for itself.

303.   The report referenced in this paragraph speaks for itself.

304.   The report referenced in this paragraph speaks for itself.

305.   The report referenced in this paragraph speaks for itself.

306.   The report referenced in this paragraph speaks for itself.

307.   The report referenced in this paragraph speaks for itself.

308.   The report referenced in this paragraph speaks for itself.

309.   The report referenced in this paragraph speaks for itself.

310.   The report referenced in this paragraph speaks for itself.

311.   The report referenced in this paragraph speaks for itself.

312.    The report referenced in this paragraph speaks for itself.

313.    The report referenced in this paragraph speaks for itself

314.    The report referenced in this paragraph speaks for itself.

315.    The report referenced in this paragraph speaks for itself.

316.    The report referenced in this paragraph speaks for itself.

317.    The report referenced in this paragraph speaks for itself.

318.    The report referenced in this paragraph speaks for itself.

**Dottin and the BPD Legal Department flip-flop on their prior un-stained [sic] findings.**

319.    The report referenced in this paragraph speaks for itself.

320.    The Civil Service Commission transcript speaks for itself.

321.    The Civil Service Commission transcript speaks for itself.

322.    The Defendants admit the allegations contained in this paragraph.

323.    The Defendants deny the allegations contained in this paragraph.

324.    The Civil Service Commission transcript speaks for itself.

325.    The Defendants admit the allegations contained in this paragraph.

**A Green Folder Meeting**

326.    The Defendants admit that a Green Folder Meeting is a meeting in which members of the Boston Police meet to make a recommendation to the police commissioner as to measures to be taken in response to a rules violation.

327.    The Defendants admit the allegations contained in this paragraph.

328.    The Defendants admit that there are many factors considered at a Green Folder Meeting, including those outlined in this paragraph of the Plaintiff's Amended Complaint.

329.    The Defendants admit the allegations contained in this paragraph.

**Abasciano's Green Folder Meeting**

330.    The Defendants admit that the Plaintiff had no prior substantive discipline.

331.    The Defendants admit the allegations contained in this paragraph.

332.    The Defendants admit the allegations contained in this paragraph.

333.    The Defendants admit the allegations contained in this paragraph.

334.    The Defendants admit the allegations contained in this paragraph.

335.    The recommendation referenced in this paragraph speaks for itself.

**The BPD terminates Abasciano**

336.    The Defendants admit the allegations contained in this paragraph.

337.    The Defendants admit the allegations contained in this paragraph.

338.    The Defendants admit the allegations contained in this paragraph.

339.    The Defendants admit the allegations contained in this paragraph.

340.    The letter referenced in this paragraph speaks for itself.

341.    The Defendants admit the allegations contained in this paragraph.

342.    The Defendants admit the allegations contained in this paragraph.

343.    The Defendants admit to the allegations contained in this paragraph; however, no such request was required as the POST Commission regulations did not come into effect until June 24, 2022.[10]

344.    The Defendants deny the allegations contained in this paragraph.

345.    The Defendants admit the allegations contained in this paragraph.

---

[10] The Plaintiff regularly cites to POST Commission provisions that were not in affect at the onset of the investigation into his conduct.

346.    The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

347.    The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

348.    The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

349.    The Defendants deny the allegations contained in this paragraph.

350.    The Defendants admit the allegations contained in this paragraph.

351.    The Defendants admit the allegations contained in this paragraph.

351.    The Defendants admit the allegations contained in this paragraph.

352.    The Defendants admit the allegations contained in this paragraph.

353.    The Defendants admit the allegations contained in this paragraph.

354.    The Defendants admit the allegations contained in this paragraph.

355.    The brief referenced in this paragraph speaks for itself.

356.    The brief referenced in this paragraph speaks for itself.

357.    The Defendants admit the allegations contained in this paragraph.

358.    The decision referenced in this paragraph speaks for itself.

359.    The Defendants admit the allegations contained in this paragraph.

360.    The Defendants deny the allegations contained in this paragraph.

361.    The Defendants deny the allegations contained in this paragraph.

362.    The Defendants deny the allegations contained in this paragraph.

363.    The Defendants deny the allegations contained in this paragraph.

## CLAIMS AGAINST DEFENDANT CITY OF BOSTON

### COUNT I
### FAILURE TO PROVIDE A REASONABLE ACCOMMODATION
### PURSUANT TO A DISABILITY
### VIOLATION OF 42 U.S.C.  12101 et seq.

364.   The Defendants repeat their responses to the preceding paragraphs as if fully set forth herein.

365.   The Defendants admit the allegations contained in this paragraph.

366.   The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

367.   The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

368.   The Defendants admit the allegations contained in this paragraph.

369.   The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

370.   The Defendants deny the allegations contained in this paragraph.

371.   The Defendants admit the allegations contained in this paragraph.

372.   The Defendants deny the allegations contained in this paragraph.

373.   The Defendants deny the allegations contained in this paragraph.

WHEREFORE, the Defendants deny that the Plaintiff is entitled to judgment in any amount against them and ask this Honorable Court to enter judgment for the Answering Defendants and against the Plaintiff, along with interest, costs, attorneys' fees and any other relief available to the fullest extent of the law.

## COUNT II
## FAILURE TO PROVIDE A REASONABLE ACCOMMODATION
## PURSUANT TO A DISABILITY
## VIOLATION OF MASS. GEN. LAWS. c. 151B

374.    The Defendants repeat their responses to the preceding paragraphs as if fully set forth herein.

375.    The Defendants admit the allegations contained in this paragraph.

376.    The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

377.    The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

378.    The Defendants admit the allegations contained in this paragraph.

379.    The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

380.    The Defendants deny the allegations contained in this paragraph.

381.    The Defendants admit the allegations contained in this paragraph.

382.    The Defendants deny the allegations contained in this paragraph.

383.    The Defendants deny the allegations contained in this paragraph.

WHEREFORE, the Defendants deny that the Plaintiff is entitled to judgment in any amount against them and ask this Honorable Court to enter judgment for the Answering Defendants and against the Plaintiff, along with interest, costs, attorneys' fees and any other relief available to the fullest extent of the law.

## COUNT III
## RELIGIOUS DISCRIMINATION
## VIOLATION OF 42 U.S.C. § 2000e-2(a)

384.    The Defendants repeat their responses to the preceding paragraphs as if fully set forth herein.

385.    The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

386.    The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

387.    The Defendants deny the allegations contained in this paragraph.

388.    The Defendants deny the allegations contained in this paragraph.

389.    The Defendants deny the allegations contained in this paragraph.

WHEREFORE, the Defendants deny that the Plaintiff is entitled to judgment in any amount against them and ask this Honorable Court to enter judgment for the Answering Defendants and against the Plaintiff, along with interest, costs, attorneys' fees and any other relief available to the fullest extent of the law.

## COUNT IV
## RELIGIOUS DISCRIMINATION
## VIOLATION OF MASS. GEN. LAWS. c. 151B

390.    The Defendants repeat their responses to the preceding paragraphs as if fully set forth herein.

391.    The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

392.    The Defendants deny the allegations contained in this paragraph.

393.    The Defendants deny the allegations contained in this paragraph.

394.    The Defendants deny the allegations contained in this paragraph.

395.    The Defendants deny the allegations contained in this paragraph.

WHEREFORE, the Defendants deny that the Plaintiff is entitled to judgment in any amount against them and ask this Honorable Court to enter judgment for the Answering Defendants and against the Plaintiff, along with interest, costs, attorneys' fees and any other relief available to the fullest extent of the law.

## COUNT V
## RETALIATORY DISCHARGE
## VIOLATION OF 42 U.S.C. § 2000e-3(a)

396.    The Defendants repeat their responses to the preceding paragraphs as if fully set forth herein.

397.    The Defendants admit the allegations contained in this paragraph.

398.    The Defendants admit that BPD filed a Position Statement with the MCAD.

399.    The Defendants admit the Plaintiff filed a rebuttal adding additional allegations of discrimination for the first time.

400.    The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

401.    The Defendants admit that the Plaintiff's IA file was reviewed by Owens.

402.    The Defendants admit the allegations contained in this paragraph.

403.    The Defendants admit the allegations contained in this paragraph.

404.    The Defendants admit the allegations contained in this paragraph.

405.    The Defendants admit the allegations contained in this paragraph.

406.    The Defendants deny the allegations contained in this paragraph.

WHEREFORE, the Defendants deny that the Plaintiff is entitled to judgment in any amount against them and ask this Honorable Court to enter judgment for the Answering

Defendants and against the Plaintiff, along with interest, costs, attorneys' fees and any other relief available to the fullest extent of the law.

## COUNT VI
## RETALIATORY DISCHARGE
## VIOLATION OF MASS. GEN. LAWS. c. 151B

407.    The Defendants repeat their responses to the preceding paragraphs as if fully set forth herein.

408.    The Defendants admit that the Plaintiff filed with the MCAD.

409.    The Defendants admit the Plaintiff filed a Position Statement with the MCAD.

410.    The Defendants admit the Plaintiff filed a rebuttal adding additional allegations of discrimination for the first time.

411.    The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

412.    The Defendants admit that Commissioner Cox asked Owens to review the IA file.

413.    The Defendants admit the allegations contained in this paragraph.

414.    The Defendants admit the allegations contained in this paragraph.

415.    The Defendants admit the allegations contained in this paragraph.

416.    The Defendants admit the allegations contained in this paragraph.

417.    The Defendants deny the allegations contained in this paragraph.

WHEREFORE, the Defendants deny that the Plaintiff is entitled to judgment in any amount against them and ask this Honorable Court to enter judgment for the Answering Defendants and against the Plaintiff, along with interest, costs, attorneys' fees and any other relief available to the fullest extent of the law.

**COUNT VII**
**FIRST AMENDMENT RETALIATION**
**VIOLATION OF 42 U.S.C. § 1983**

418. The Defendants repeat their responses to the preceding paragraphs as if fully set forth herein.

419. The Defendants admit the allegations contained in this paragraph.

420. The Plaintiff tweeted or re-tweeted approximately 25 times on January 6, 2021.

421. The Defendants deny the allegations contained in this paragraph.

422. The Plaintiff's Tweets discuss law enforcement and the law.

423. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

424. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

425. The Defendants state that the tweets speak for themselves.

426. The Defendants state that the tweets speak for themselves.[11]

427. The Defendants state that the allegations contained in this paragraph are conclusions of law, and, as such, do not require an answer. .

428. The Defendants state that the allegations contained in this paragraph are conclusions of law, and, as such, do not require an answer.

429. The Defendants deny the allegations contained in this paragraph.[12]

---

[11] The Plaintiff repeatedly referenced the Constitution and the laws of the United States. He made many false claims about their applicability and enforcement mechanisms. As an Officer sworn to uphold the Constitution and laws, his obvious lack of understanding or willful blindness to them clearly relates to his position.

[12] The Plaintiff's own complaint pursues claims against the Boston Police Officer who the Plaintiff alleges complained about the Tweets and the Plaintiff's involvement in the January 6th riots. The Plaintiff has sued the complaining officer.

430.  The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.[13]

431.  The Defendants deny the allegations contained in this paragraph.[14]

432.  The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

433.  The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

434.  The Defendants admit the allegations contained in this paragraph.

435.  The Defendants state that the statements of Owens say what they say.

436.  The Defendants deny the allegations contained in this paragraph.

437.  The Defendants deny the allegations contained in this paragraph.

438.  The Defendants deny the allegations contained in this paragraph.[15]

439.  The Defendants admit the allegations contained in this paragraph.

440.  The Defendants deny the allegations contained in this paragraph.

441.  The Defendants admit the allegations contained in this paragraph.

442.  The transcript referenced in this paragraph speaks for itself.

443.  The Defendants deny the allegations contained in this paragraph.

444.  The Defendants admit the allegations contained in this paragraph.

445.  The letter referenced in this paragraph speaks for itself.

446.  The Defendants deny the allegations contained in this paragraph.

447.  The Defendants deny the allegations contained in this paragraph.

---

[13] The Plaintiff was on FMLA, and did not return to work due to an injury to his knee.
[14] See FN 9.
[15] There was significant media coverage and public outcry, decrying the Plaintiff's Tweets and actions.

WHEREFORE, the Defendants deny that the Plaintiff is entitled to judgment in any amount against them and ask this Honorable Court to enter judgment for the Answering Defendants and against the Plaintiff, along with interest, costs, attorneys' fees and any other relief available to the fullest extent of the law.

## COUNT VIII
## DEFAMATION

448.    The Defendants repeat their responses to the preceding paragraphs as if fully set forth herein.

449.    The Defendants admit the allegations contained in this paragraph.

450.    The letter referenced in this paragraph speaks for itself.

451.    The Defendants deny the allegations contained in this paragraph.

452.    The Defendants deny the allegations contained in this paragraph.

453.    The Defendants deny the allegations contained in this paragraph.

454.     The Defendants deny the allegations contained in this paragraph.

455.    The Defendants deny that any statements made by Commissioner Cox were defamatory.

456.    The Defendants deny that any statements made by Commissioner Cox were defamatory..

457.    The Defendants deny the allegations contained in this paragraph.

458.    The remainder of the paragraph is a statement of law to which no response is required.

WHEREFORE, the Defendants deny that the Plaintiff is entitled to judgment in any amount against them and ask this Honorable Court to enter judgment for the Answering Defendants and against the Plaintiff, along with interest, costs, attorneys' fees and any other relief available to the fullest extent of the law.

**CLAIMS AGAINST DEFENDANTS MICHELLE WU,**
**MICHAEL A. COX, AND PHILLIP OWENS**

**COUNT IX**
**VIOLATION OF 42 U.S.C. § 1983**
**FIRST AMENDMENT RETALIATION**

459.    The Defendants repeat their responses to the preceding paragraphs as if fully set forth herein.

460.    The Defendants admit the allegations contained in this paragraph.

461.    The Plaintiff tweeted or re-tweeted approximately 25 times on January 6, 2021.

462.    The Defendants deny the allegations contained in this paragraph.

463.    The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

464.    The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

465.    The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

466.    The Defendants deny the allegations contained in this paragraph.

467.    The Defendants deny the allegations contained in this paragraph.[16]

468.    The Defendants state that the allegations in this paragraph are averments of law and, as such, do not require an answer.

469.    The Defendants state that the allegations in this paragraph are averments of law and, as such, do not require an answer.

470.    The Defendants deny the allegations contained in this paragraph[17]

---

[16] See FN 11.
[17] See FN 12.

471.    The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.[18]

472.    The Defendants deny the allegations contained in this paragraph.[19]

473.    The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

474.    The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

475.    The Defendants admit the allegations contained in this paragraph.

476.    The Defendants state that Owen's statements are what they are.

477.    The Defendants deny the allegations contained in this paragraph.

478.    The Defendants deny the allegations contained in this paragraph.

479.    The Defendants deny the allegations contained in this paragraph.

480.    The Defendants state that Owen's statements are what they are.

481.    The Defendants deny the allegations contained in this paragraph.

482.    The Defendants deny the allegations contained in this paragraph.

483.    The letter referenced in this paragraph speaks for itself.

484.    The Defendants deny the allegations contained in this paragraph.

485.    The Defendants deny the allegations contained in this paragraph.

486.    The Defendants agree that Mayor Woo graduated from Harvard Law School and deny that she knew or should have known that terminating the plaintiff would violate his rights.

---

[18] See FN 13.
[19] See FN 9.

487.    The Defendants deny the allegations contained in this paragraph.

488.    The Defendants deny the allegations contained in this paragraph.

489.    The Defendants deny the allegations contained in this paragraph.

490.    The Defendants deny the allegations contained in this paragraph.

491.    The Defendants deny the allegations contained in this paragraph.

492.    The Defendants deny the allegations contained in this paragraph.

493.    The Defendants deny the allegations contained in this paragraph.

494.    The Defendants deny the allegations contained in this paragraph.

WHEREFORE, the Defendants deny that the Plaintiff is entitled to judgment in any amount against them and ask this Honorable Court to enter judgment for the Answering Defendants and against the Plaintiff, along with interest, costs, attorneys' fees and any other relief available to the fullest extent of the law.

## CLAIMS AGAINST DEFENDANT JOSEPH COPPINGER

### COUNT X
### INTENTIONAL INTERFERENCE WITH
### ADVANTAGEOUS BUSINESS RELATIONSHIP

495.    The Defendants repeat their responses to the preceding paragraphs as if fully set forth herein.

496.    The Defendants deny the allegations contained in this paragraph.

497.    The Defendants deny the allegations contained in this paragraph.

498.    The Defendants deny the allegations contained in this paragraph.

499.    The Defendants deny the allegations contained in this paragraph.

500.    The Defendants deny the allegations contained in this paragraph.

WHEREFORE, the Defendants deny that the Plaintiff is entitled to judgment in any amount against them and ask this Honorable Court to enter judgment for the Answering Defendants and against the Plaintiff, along with interest, costs, attorneys' fees and any other relief available to the fullest extent of the law.

## PRAYER FOR RELIEF

The Defendants deny all wrongdoing and deny that the Plaintiff is entitled to any relief or judgment in their favor. The Defendants state that they are entitled to judgment in their favor against the Plaintiff.

## AFFIRMATIVE DEFENSES

The Answering Defendants assert the following affirmative defenses while expressly reserving their right and ability to supplement these defenses at any time through trial.

### First Affirmative Defense

By way of affirmative defense, the Defendants state that they enjoy qualified immunity and therefore are immune from this suit.

### Second Affirmative Defense

By way of affirmative defense, the Defendants and their employees were privileged in conduct and acts; and, therefore, the Plaintiff cannot recover.

### Third Affirmative Defense

By way of affirmative defense, the Defendants and their employees were justified in all actors and/or conduct; and, therefore, the Plaintiff cannot recover.

### Fourth Affirmative Defense

By way of affirmative defense, the Defendants' acts and conduct were performed according to and protected by law and/or legal process, and, therefore, the Plaintiff cannot recover.

### Fifth Affirmative Defense

By way of affirmative defense, the Defendants state that the Plaintiff cannot recover because of the provisions of M.G.L. c. 258, including his failure to properly and timely present his claims as required under the Massachusetts Tort Claims Act, M.G. L. c. 258, § 4.

### Sixth Affirmative Defense

By way of affirmative defense, the Defendants state that the Plaintiff cannot recover because of the provisions of M.G.L. c. 258.

### Seventh Affirmative Defense

By way of affirmative defense, the Defendants assert that the Plaintiff's Amended Complaint must be dismissed because it is barred by the applicable statute of limitations.

### Eighth Affirmative Defense

By way of affirmative defense, the Defendants state that there was cause, just cause, and/or good cause for the Plaintiff's termination.

### Ninth Affirmative Defense

By way of affirmative defense, the Defendants state that they enjoyed a privilege barring the plaintiff's pending claims.

### Tenth Affirmative Defense

By way of affirmative defense, the Defendants state that the alleged defamatory statements were fair comments.

### JURY DEMAND

THE DEFENDANTS DEMAND A TRIAL BY JURY ON ALL COUNTS SO TRIABLE.

Respectfully submitted,

The Defendants,
City of Boston, by and through its Treasurer, Ashley
Groffenberger, Michelle Wu, Michael A. Cox, Phillip
Owens, and Joseph Coppinger,
By their attorneys,

*/s/ Michael V. Glennon*
Leonard H. Kesten, BBO# 542042
Michael V. Glennon, BBO# 678977
BRODY, HARDOON, PERKINS & KESTEN, LLP
265 Franklin Street, 12th Floor
Boston, MA 02110
(617) 880-7100
lkesten@bhpklaw.com
mglennon@bhpklaw.com

DATED: March 12, 2025

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that this document was filed through the ECF system and will therefore be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent this day to those participants indicated as non-registered participants.


*/s/ Michael V. Glennon*
Michael V. Glennon, BBO# 678977

DATED: March 12, 2025