UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
(Boston Division)

| | | |
|---|---|---|
| JOSEPH ABASCIANO, | : | |
|     Plaintiff | : | |
| | : | |
| | : | |
|     v. | : | C.A. No. 1:24-cv-12654-ADB |
| | : | |
| | : | |
| CITY OF BOSTON, by and Through | : | |
| Its Treasurer, Ashley Groffenberger; | : | |
| MICHELLE WU; MICHAEL A. COX; | : | |
| PHILLIP OWENS; and | : | |
| JOSEPH COPPINGER, | : | |
| Defendants. | : | |

**PLAINTIFF'S MOTION TO STAY OR VACATE SCHEDULING ORDER**

Now comes Joseph Abasciano ("Abasciano"), the plaintiff in the above-captioned matter, by and through his attorney, and respectfully moves this Honorable Court to stay or vacate the current Scheduling Order, pending the Court's resolution of Plaintiff's Motion for Partial Summary Judgment on the Issue of Liability as to Count VII of the Amended Verified Complaint Against Defendant City of Boston (ECF Doc. No. 17), which asserts a claim for First Amendment retaliation under 42 U.S.C. § 1983 ("Section 1983"). In support of this motion, Abasciano states the following:

## I.    RELEVANT BACKGROUND

Abasciano intends to file – subject to the Court's ruling on Plaintiff's Motion for Leave to File Excess Pages (ECF Doc. No. 29) – a Motion for Partial Summary Judgment on Count VII, asserting that Defendant City of Boston is collaterally estopped from relitigating the core liability issues already resolved against it in a prior final adjudication before the Massachusetts Civil Service Commission (the "Commission"). In that proceeding, the Commission found after a five-day

evidentiary hearing that Abasciano's tweets were protected political speech and that the City lacked just cause to terminate him.

## II.    GROUNDS FOR STAY OR VACATUR

### A.    COUNT VII IS THE CORE CLAIM AND PRESENTS THE GREATEST LEGAL EXPOSURE.

Count VII, which asserts a claim for First Amendment retaliation under 42 U.S.C. § 1983, is the central and most consequential cause of action in this litigation.  It presents the greatest potential for damages because it includes a claim for:

- Compensatory damages for emotional distress and reputational harm;
- Punitive damages against the City for willful constitutional violations; and
- Attorneys' fees and costs under 42 U.S.C. § 1988.

In short, Count VII is the highest-value claim in the case and carries substantial financial exposure for Defendant City of Boston (the "City").  Its resolution will define the contours of any potential damages trial and will likely shape the course of settlement discussions.

### B.    RESOLUTION OF COUNT VII WILL MATERIALLY NARROW THE CASE.

The legal and factual issues in Count VII – whether Abasciano's tweets were protected speech and whether they motivated the termination – were already fully litigated before the Commission.  Abasciano's motion for partial summary judgment relies on offensive collateral estoppel to prevent the City from relitigating those same issues.  If the Court grants summary judgment on liability, only damages will remain to be tried on Count VII, significantly streamlining discovery, expert analysis, and trial preparation.

### C.    CONTINUING DISCOVERY NOW WOULD WASTE RESOURCES.

Requiring the parties to continue with depositions, document production, and written discovery while a dispositive motion is pending on the claim that presents the greatest exposure is inefficient and unnecessary.  Fact discovery will be broader and more costly if the parties must proceed without knowing whether Count VII will survive or be resolved.  Judicial economy and litigation efficiency weigh strongly in favor of deferring discovery until after the Court rules on summary judgment.

### D.    NO PREJUDICE WILL RESULT FROM A STAY.

The City will suffer no prejudice from a brief stay of the scheduling order. The Commission's decision is final and has not been appealed. The Court will benefit from the opportunity to resolve threshold legal questions before presiding over extensive discovery on claims that may ultimately be narrowed or resolved entirely.

WHEREFORE, Abasciano respectfully requests that the Court:

1.    Stay the deadlines in the current Scheduling Order, including the June 30, 2025 fact discovery deadline, pending the Court's decision on Plaintiff's Motion for Partial Summary Judgment as to Count VII; or

2.    Vacate the Scheduling Order and permit the parties to submit a joint proposed schedule following the Court's ruling on summary judgment; and

3.    Grant such other and further relief as this Court deems just and proper.

Plaintiff
JOSEPH ABASCIANO

By His Attorney,

/s/Mark P. Gagliardi
Mark P. Gagliardi (MA BBO #657622)
mark@markgagliardilaw.net

LAW OFFICE OF MARK P. GAGLIARDI
56 Pine Street, Suite 200
Providence, RI 02903
(401) 277-2030 (office)
(401) 274-2780 (fax)
(401) 487-6666 (mobile)

Dated:  May 27, 2025

## CERTIFICATION OF SERVICE

I hereby certify that on this **27th** day of May 20**25**, I filed electronically this document with the ECF system of the United States District Court for the District of Massachusetts and, therefore, all counsel of record has received notice electronically.

/s/Mark P. Gagliardi
Mark P. Gagliardi