UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
(Boston Division)

| | | |
|---|---|---|
| JOSEPH ABASCIANO,<br>    Plaintiff | : <br> : <br> : <br> : | |
| v. | : <br> : <br> : | C.A. No. 1:24-cv-12654-ADB |
| CITY OF BOSTON, by and Through<br>Its Treasurer, Ashley Groffenberger;<br>MICHELLE WU; MICHAEL A. COX;<br>PHILLIP OWENS; and<br>JOSEPH COPPINGER,<br>    Defendants. | : <br> : <br> : <br> : <br> : <br> : | |

**PLAINTIFF'S MOTION FOR LEAVE TO FILE A SECOND AMENDED VERIFIED COMPLAINT**

Now comes Plaintiff Joseph Abasciano ("Abasciano"), by and through his undersigned counsel, pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure, and hereby moves this Honorable Court for leave to amend his operative complaint in form attached hereto as Exhibit "A" showing all additional facts and new claims.[1]

For the reasons stated below, the Court should grant Abasciano's motion.

**I.      PROCEDURAL POSTURE**

Abasciano filed his original Verified Complaint on October 18, 2024, asserting claims for discrimination under federal and state law against Defendant the City of Boston (ECF Doc. No. 1). On February 19, 2025, pursuant to Fed. R. Civ. P. 15(a)(2) and the written consent of Defendants, Abasciano amended his complaint to add violations of 42 U.S.C. § 1983 (ECF Doc. No. 17). This case is in its infancy: initial disclosures were due by April 30, 2025 and have been exchanged

---

[1] For the Court's convenience, Abasciano attaches a "red-lined" version of the Proposed Second Amended Verified Complaint as Exhibit "B."

between the parties; the fact discovery deadline is September 30, 2025; and, under the joint scheduling order, motions to amend pleadings are expressly permitted for good cause prior to June 1, 2025.  Thus, this motion is timely by any measure.

## II.     THE PROPOSED AMENDMENTS

The proposed Second Amended Verified Complaint (Ex. A) adds two new claims based on recently accrued and undisputed facts:

- **Count IX:**  Violation of Mass. Gen. Laws ch. 41, § 111F (wrongful denial of benefits post-termination); and
- **Count X:**  Violation of Mass. Gen. Laws ch. 31, § 45 (failure to pay attorneys' fees and costs following successful Civil Service Commission appeal).

Both new claims are based on facts that only became ripe or fully ascertainable after the events underlying the original complaint and are closely intertwined with the existing factual matrix.

## III.    LEGAL STANDARD UNDER RULE 15(a)

A party may amend a pleading by leave of the court, which should be "freely give[n] . . . when justice so requires." Fed. R. Civ. P. 15(a)(2).  Rule 15 gives courts wide discretion in deciding whether to allow or deny leave to amend. U.S. ex rel. Gagne v. City of Worcester, 565 F.3d 40, 48 (1st Cir. 2009).  Denial of leave is appropriate only for limited reasons: undue delay, bad faith, repeated failure to cure deficiencies, undue prejudice to the opposing party, or futility. See Foman v. Davis, 371 U.S. 178, 182 (1962).  A proposed amendment is futile if it "does not plead enough [facts] to make out a plausible claim for relief." HSBC Realty Credit Corp. v. O'Neill, 745 F.3d 564, 578 (1st Cir. 2014).  Futility thus applies "the same standard of legal sufficiency as applies to a Rule 12(b)(6) motion." Glassman v. Computervision Corp., 90 F.3d 617, 623 (1st Cir. 1996).

**IV.     NONE OF THE NARROW EXCEPTIONS FOR DENIAL UNDER <u>FOMAN</u> APPLY.**

  **A.     NO UNDUE DELAY OR DILATORY MOTIVE BY PLAINTIFF**

  There has been no undue delay or gamesmanship.  This motion is brought before the scheduling order's deadline and before the parties have even answered written discovery.[2]  The amendments are based on events and statutory claims (the denial of 111F benefits and the refusal to pay attorneys' fees) that only became ripe after the original filing.

  **B.     NO UNDUE PREJUDICE ON DEFENDANTS**

  Defendants face no undue prejudice within the meaning of the law.  Indeed, inconvenience and potential delays do not count. <u>U.S. Bank Nat. Ass'n v. James</u>, 680 F.Supp.2d 259, 262-62 (D. Me. 2010) ("The types of potential delay otherwise listed by [the opposing party] are inevitable when any pleading is amended with leave of court, and thus the necessary quantum of prejudice must implicate more than the inconveniences and delays that are inherent in the granting of any such motion in order to justify its denial."); <u>see</u>, <u>e.g.</u>, <u>Northern Utilities, Inc. v. Lewiston Radiator Works, Inc.</u>, No. 04–164–P–S, 2005 WL 758466 (D.Me. Feb. 3, 2005), at *8 (describing the standard as that of undue prejudice).

  Here, Defendants have not yet invested in discovery or dispositive motions on the proposed new claims.  No depositions have been noticed, and the new claims involve the same parties, events, and operative facts.  The claims could (and likely would) be raised in a separate action if leave were denied, resulting in duplicative litigation and wasted resources.  Any hypothetical inconvenience is the cost of doing business – certainly not a reason to block amendment at this stage.

---

[2] On May 30, 2025 – the deadline for the parties to serve written discovery on each other – the parties served upon each other interrogatories and document requests, while Abasciano served a Request for Admissions on Defendants. Obviously, Abasciano will not object to any written discovery by Defendants on the two additional counts after this deadline.

### C.   NO BAD FAITH OR FUTILITY

The motion is made in good faith, with no intention to harass Defendants or delay the adjudication of this matter. There has been no prior attempt to amend to add these claims. Furthermore, the new counts are facially plausible and supported by well-pleaded facts as Abasciano is able to satisfy the Rule 12(b)(6) standard for these addition claims. Indeed, had Abasciano not been fired, he would have continued to receive 111F benefits equal to 100 percent of his salary tax free. However, because Defendants fired Abasciano illegally, he did not receive these benefits, but rather, only seventy-two percent of his salary once his accidental disability benefits were approved retroactive to the date of his termination. Defendants' illegal conduct caused him to suffer the economic losses alleged in the proposed amended complaint. Likewise, Abasciano is entitled to statutory attorneys' fees and costs because he was a prevailing party in his appeal to the Civil Service Commission. However, Defendant City of Boston has refused to comply with its statutory obligations – it has not paid him a dime to date – which entitles him to the relief requested in the proposed amended Complaint.

### V.   PUBLIC POLICY AND JUDICIAL ECONOMY DEMAND AMENDMENT

Denying amendment would serve no legitimate purpose except to multiply proceedings and invite duplicative, piecemeal litigation. Allowing amendment now will enable a full, efficient, and fair adjudication of all related claims in a single action, as the federal rules and the First Circuit's common sense require promoting judicial economy.

### CONCLUSION

For the foregoing reasons and because Rule 15(a) allows the court to grant leave to amend a complaint freely when justice so requires allowing parties to assert all colorable claims, Abasciano respectfully requests that the Court grant leave to file the Second Amended Verified Complaint in the form attached.

>Plaintiff
>JOSEPH ABASCIANO
>
>By His Attorney,
>
>/s/Mark P. Gagliardi
>Mark P. Gagliardi (MA BBO #657622)
>mark@markgagliardilaw.net
>
>LAW OFFICE OF MARK P. GAGLIARDI
>56 Pine Street, Suite 200
>Providence, RI 02903
>(401) 277-2030 (office)
>(401) 274-2780 (fax)
>(401) 487-6666 (mobile)

Dated: May 31, 2025

## CERTIFICATION OF SERVICE

I hereby certify that on this **31**st day of May 20**25**, I filed electronically this document with the ECF system of the United States District Court for the District of Massachusetts and, therefore, all counsel of record has received notice electronically.

>/s/Mark P. Gagliardi
>Mark P. Gagliardi