BostonPolice
DEPARTMENT

March 13, 2023

Officer Joseph Abasciano
356 Mason Road,
Milton, NH, 03851

RE: **NOTICE OF TERMINATION**

Dear Officer Joseph Abaciano, ID # 103590:

On January 30 and February 15, 2023, a hearing was held before the Chief Administrative Hearing Officer relative to a Complaint (IAD Case No.: 2021-0021), charging you with three (3) specifications. Specifically, you were charged with two (2) violations of Rule 102 § 3 (Conduct Unbecoming) and one (1) violation of Rule 113 § 5, (Canon of Ethics, Cannon Eight). The specifications were provided to you prior to the hearing and were part of the record before the Hearing Officer. Another copy of the specifications is enclosed for your reference.

At the hearing, evidence was submitted which established just cause to sustain, Specification II (Conduct Unbecoming) and Specification III (Canon of Ethics, Cannon Eight). You were represented by your attorney, Kenneth Anderson, Esq. and afforded a full opportunity to be heard and present evidence.

I find that you authored the following social media posts under the "@mailboxjoe" twitter account on January 6, 2021:

*5:53 AM- I can't wait to see you dragged away in handcuffs*

*8:14 AM- Hey @sentemajldr look out your window. Millions of Patriots are on your doorstep and we are watching. It is a time for choosing. Are you a traitor or are you a Patriot?*
*# MarchForTrump*
*# StopTheSteal*
*# PatriotParty*

*8:14 AM. MAGA Millions of Patriots here in DC. Today is a day for choosing. Today there will only two parties in America. Traitor and Patriots!*
*# January6*
*# MAGA*
*# MarchForTrump*

*12:40 PM- Everything that happens going forward @ VP is now on your conscience.*
*# 1776Again*
*# March for Trump*
*# WethePeople*




*5:22 PM- What I saw in today frankly made me weep for our once great nation. The Political Elitist Class has successfully turned Americans against each other. Patriots v Law Enforcement trying to do their jobs in a no win position. I fear this Treasonous election has killed the republic*

*6:54 PM- I hope you never sleep well again @VP your Treasonous Act lead to the murder of an innocent girl and the death of America. You are not a Godley man. I guess @ LLinwood was right about you all along.*

In view of the evidence presented, I hereby find the following charges against you are **sustained**: Rule 102 § 3 (Conduct Unbecoming) and Rule 113 § 5 (Canon of Ethics, Canon Eight).

I find your social media posts describing individuals that stormed the Capital building as "patriots" calls into question your ability to police members of the community in an unbiased and objective manner. I also find that this conduct impairs the operation of the Department and its employees by damaging the Department's reputation and trust within the community. The Boston Police Department maintains a mission to foster trust and cooperation in the community and your conduct is detrimental to the mission of the Boston Police Department.

In view of the evidence presented, I hereby find that the charges against you for Rule 102 § 3 (Conduct Unbecoming) and Rule 113 § 5 (Canon of Ethics, Canon Eight) are **sustained** and hereby terminate you from your employment forthwith.

I have enclosed your final paycheck in connection with your termination.

Please be advised that, effective immediately, you are terminated from your employment as a Police Officer with the Boston Police Department.

You may appeal this decision to the Civil Service Commission within ten (10) days of receipt of this letter.

Sincerely,

Michael A. Cox
Police Commissioner

cc: Ken Anderson, Esq.
Encl: Specifications;
M.G.L. c. 31 §41-45;
Final Paycheck



1 Schroeder Plaza, Boston, MA 02120-2014

**TO: POLICE COMMISSIONER FOR THE CITY OF BOSTON**
**RE: Case Number: IAD 2021-0021**
**Date: January 17, 2023**

I hereby bring the following complaint against Police Officer Joseph Abasciano, ID# 103590, presently on 111F "Injured on Duty" status, for the following violation of Rules 102 § 3 (Conduct Unbecoming), and Rule 113, §5-Canon of Ethics (Canon Eight).

SPECIFICATION I

On January 6, 2021, Officer Abasciano traveled to Washington D.C. to attend the rally protesting the certification of the 2020 presidential election. Officer Abasciano was previously granted leave through the Family Leave Medical Act ("FMLA") between the period of November 25, 2020 and January 21, 2021 to care for his wife and their new born child. Officer Abasciano traveled to Washington D.C., without the family members he purported to care for, without giving notice to the Department, Officer Abasciano would have been scheduled to work on January 5th and 6th when he traveled to Washington DC. It would have been more appropriate for him to request another type of day off rather than use the time he requested through FMLA to attend the protest. Officer Abasciano misused his granted FMLA outside of its intended scope. Such conduct violates Rule 102 § 3 Conduct Unbecoming.

SPECIFICATION II

On January 6, 2021, Officer Abasciano posted the following statements on twitter both prior to and after the capital riots in Washington D.C.:

*5:53 AM- I can't wait to see you dragged away in handcuffs (Officer Abaciano's response to a tweet from Gabriel Sterling regarding the lawful counting of votes in Chatham County).*

*8: 14 AM- Hey @sentemajldr look out your window. Millions of Patriots are on your doorstep and we are watching. It is a time for choosing. Are you a traitor or are you a Patriot?*
*#MarchForTrump*
*#StopTheSteal*
*#PatriotParty*

*8: 14 AM. MAGA Millions of Patriots here in DC. Today is a day for choosing. Today there will only two parties in America. Traitor and Patriots!*
*#January6*
*#MAGA*
*#MarchForTrump*

*12:40 PM- Everything that happens going forward @ VP is now on your conscience.*
*#1776Again*
*#March for Trump*
*#WethePeople*

*5:22 PM- What I saw in today frankly made me weep for our once great nation. The Political Elitist Class has successfully turned Americans against each other. Patriots v Law Enforcement trying to do their jobs in a no win position. I fear this Treasonous election has killed the republic*

*6:54 PM- I hope you never sleep well again @VP your Treasonous Act lead to the murder of an innocent girl and the death of America. You are not a Godley man. I guess @ LLinwood was right about you all along.*

The above tweets were visible to members of the public. Officer's Abasciano's tweets reflect most unfavorable on the Department, as they support the capital riots and the insurrection of the United States government. Moreover, the tweets call into question Officer Abasciano's fitness to hold the role of the police officer, as his tweets supports the arrest of elected officials and divides individuals into "traitors" and "patriots". Such conduct violates Rule 102 § 3 Conduct Unbecoming.

<u>SPECIFICATION III</u>

On January 6, 2021, Officer Abasciano posted the following statements on twitter both prior to and after the capital riots in Washington D.C.:

*5:53 AM- I can't wait to see you dragged away in handcuffs (Officer Abaciano's response to a tweet from Gabriel Sterling regarding the lawful counting of votes in Chatham County).*

*8: 14 AM- Hey @sentemajldr look out your window. Millions of Patriots are on your doorstep and we are watching. It is a time for choosing. Are you a traitor or are you a Patriot?*
*#MarchForTrump*
*#StopTheSteal*
*#PatriotParty*

*8: 14 AM. MAGA Millions of Patriots here in DC. Today is a day for choosing. Today there will only two parties in America. Traitor and Patriots!*
*#January6*
*#MAGA*
*#MarchForTrump*

*12:40 PM- Everything that happens going forward @ VP is now on your conscience.*
*#1776Again*

*# MarchFoTrump*
*# WeThePeople*

5:22 PM- What I saw in today frankly made me weep for our once great nation. The Political Elitist Class has successfully turned Americans against each other. Patriots v Law Enforcement trying to do their jobs in a no win position. I fear this Treasonous election has killed the republic

6:54 PM- I hope you never sleep well again @VP your Treasonous Act lead to the murder of an innocent girl and the death of America. You are not a Godley man. I guess @ LLinwood was right about you all along.

Officer Abasciano made statements during his Anti-Corruption interview that indicate that he was in close proximity to the violence occurring at the Capitol Building. In his own words Officer Abasciano stated that he observed agitators involved in and tug of war law enforcement at the door of the Capitol. He further stated he also observed people pushing their way into the Capitol Building. The tweets were visible to members of the public. Officer Abasciano's tweets reflect most unfavorable on the Department, as they support the capital riots and the insurrection of the United States government. Moreover, the tweets call into question Officer Abasciano ability to perform his duties fairly, and without bias, as his tweets support the arrest of election officials and divides individuals into "traitors" and "patriots." Such conduct violates Rule 113, §5-Canon of Ethics (Canon Eight).

Superintendent Sharon Dottin
Chief, Bureau of Professional Standards

M.G.L.A. 31 § 41

Massachusetts General Laws Annotated Currentness

Part I. Administration of the Government (Ch. 1-182)
Title IV. Civil Service, Retirements and Pensions (Ch. 31-32B)
Chapter 31. Civil Service (Refs & Annos)

**§ 41. Discharge; removal; suspension; transfer; abolition of office; reduction of rank or pay; hearings; review**

Except for just cause and except in accordance with the provisions of this paragraph, a tenured employee shall not be discharged, removed, suspended for a period of more than five days, laid off, transferred from his position without his written consent if he has served as a tenured employee since prior to October fourteen, nineteen hundred and sixty-eight, lowered in rank or compensation without his written consent, nor his position be abolished. Before such action is taken, such employee shall be given a written notice by the appointing authority, which shall include the action contemplated, the specific reason or reasons for such action and a copy of sections forty-one through forty-five, and shall be given a full hearing concerning such reason or reasons before the appointing authority or a hearing officer designated by the appointing authority. The appointing authority shall provide such employee a written notice of the time and place of such hearing at least three days prior to the holding thereof, except that if the action contemplated is the separation of such employee from employment because of lack of work, lack of money, or abolition of position the appointing authority shall provide such employee with such notice at least seven days prior to the holding of the hearing and shall also include with such notice a copy of sections thirty-nine and forty. If such hearing is conducted by a hearing officer, his findings shall be reported forthwith to the appointing authority for action. Within seven days after the filing of the report of the hearing officer, or within two days after the completion of the hearing if the appointing authority presided, the appointing authority shall give to such employee a written notice of his decision, which shall state fully and specifically the reasons therefor. Any employee suspended pursuant to this paragraph shall automatically be reinstated at the end of the first period for which he was suspended. In the case of a second or subsequent suspension of such employee for a period of more than five days, reinstatement shall be subject to the approval of the administrator, and the notice of contemplated action given to such employee shall so state. If such approval is withheld or denied, such employee may appeal to the commission as provided in paragraph (b) of section two.

A civil service employee may be suspended for just cause for a period of five days or less without a hearing prior to such suspension. Such suspension may be imposed only by the appointing authority or by a subordinate to whom the appointing authority has delegated authority to impose such suspensions, or by a chief of police or officer performing similar duties regardless of title, or by a subordinate to whom such chief or officer has delegated such authority. Within twenty-four hours after imposing a suspension under this paragraph, the person authorized to impose the suspension shall provide the person suspended with a copy of sections forty-one through forty-five and with a written notice stating the specific reason or reasons for the suspension and informing him that he may, within forty-eight hours after the receipt of such notice, file a written request for a hearing before the appointing authority on the question of whether there was just cause for the suspension. If such request is filed, he shall be given a hearing before the appointing authority or a hearing officer designated by the appointing authority within five days after receipt by the appointing authority of such request. Whenever such

hearing is given, the appointing authority shall give the person suspended a written notice of his decision within seven days after the hearing. A person whose suspension under this paragraph is decided, after hearing, to have been without just cause shall be deemed not to have been suspended, and he shall be entitled to compensation for the period for which he was suspended. A person suspended under this paragraph shall automatically be reinstated at the end of such suspension. An appointing authority shall not be barred from taking action pursuant to the first paragraph of this section for the same specific reason or reasons for which a suspension was made under this paragraph.

If a person employed under a provisional appointment for not less than nine months is discharged as a result of allegations relative to his personal character or work performance and if the reason for such discharge is to become part of his employment record, he shall be entitled, upon his request in writing, to an informal hearing before his appointing authority or a designee thereof within ten days of such request. If the appointing authority, after hearing, finds that the discharge was justified, the discharge shall be affirmed, and the appointing authority may direct that the reasons for such discharge become part of such person's employment record. Otherwise, the appointing authority shall reverse such discharge, and the allegations against such person shall be stricken from such record. The decision of the appointing authority shall be final, and notification thereof shall be made in writing to such person and other parties concerned within ten days following such hearing.

Any hearing pursuant to this section shall be public if either party to the hearing files a written request that it be public. The person who requested the hearing shall be allowed to answer, personally or by counsel, any of the charges which have been made against him.

If it is the decision of the appointing authority, after hearing, that there was just cause for an action taken against a person pursuant to the first or second paragraphs of this section, such person may appeal to the commission as provided in section forty-three.

Saturdays, Sundays and legal holidays shall not be counted in the computation of any period of time specified in this section.

Notice of any action taken under this section shall be forwarded forthwith by the appointing authority to the personnel administrator.

M.G.L.A. 31 § 41A

Massachusetts General Laws Annotated Currentness

Part I. Administration of the Government (Ch. 1-182)
Title IV. Civil Service, Retirements and Pensions (Ch. 31-32B)
Chapter 31. Civil Service (Refs & Annos)

**§ 41A. Discharge, removal or suspension; hearing before disinterested hearing officer; review**

Upon the request of the appointing authority and a tenured employee, who is entitled to

a hearing pursuant to the first paragraph of section forty-one, a hearing before a disinterested hearing officer, designated by the chairman of the commission, may be held in lieu of a hearing before the appointing authority. Such hearing officer shall make findings of facts and may make recommendations for decision to the commission. Following the decision of the commission, there shall be no appeal pursuant to the provisions of section forty-three; provided, however, that a petition to review may be filed pursuant to the provisions of section forty-four. All requirements relative to written notice and the holding of hearings pursuant to this section shall be governed by those set forth in section forty-one.

M.G.L.A. 31 § 42

Massachusetts General Laws Annotated Currentness

Part I. Administration of the Government (Ch. 1-182)
Title IV. Civil Service, Retirements and Pensions (Ch. 31-32B)
Chapter 31. Civil Service (Refs & Annos)

**§ 42. Complaints; hearings; jurisdiction; filing of civil action**

Any person who alleges that an appointing authority has failed to follow the requirements of section forty-one in taking action which has affected his employment or compensation may file a complaint with the commission. Such complaint must be filed within ten days, exclusive of Saturdays, Sundays, and legal holidays, after said action has been taken, or after such person first knew or had reason to know of said action, and shall set forth specifically in what manner the appointing authority has failed to follow such requirements. If the commission finds that the appointing authority has failed to follow said requirements and that the rights of said person have been prejudiced thereby, the commission shall order the appointing authority to restore said person to his employment immediately without loss of compensation or other rights.

A person who files a complaint under this section may at the same time request a hearing as to whether there was just cause for the action of the appointing authority in the same manner as if he were a person aggrieved by a decision of an appointing authority made pursuant to all the requirements of section forty-one. In the event the commission determines that the subject matter of such complaint has been previously resolved or litigated with respect to such employee, in accordance with the provisions of section eight of chapter one hundred and fifty E, or is presently being resolved in accordance with said section eight, the commission shall forthwith dismiss such complaint. If said complaint is denied, such hearing shall be conducted and a decision rendered as provided by section forty-three.

The supreme judicial court or the superior court shall have jurisdiction over any civil action for the reinstatement of any person alleged to have been illegally discharged, removed, suspended, laid off, transferred, lowered in rank or compensation, or whose civil service position is alleged to have been illegally abolished. Such civil action shall be filed within six months next following such alleged illegal act, unless the court upon a showing of cause extends such filing time.

M.G.L.A. 31 § 43

Massachusetts General Laws Annotated Currentness

Part I. Administration of the Government (Ch. 1-182)
Title IV. Civil Service, Retirements and Pensions (Ch. 31-32B)
Chapter 31. Civil Service (Refs & Annos)

**§ 43. Hearings before commission**

If a person aggrieved by a decision of an appointing authority made pursuant to section forty-one shall, within ten days after receiving written notice of such decision, appeal in writing to the commission, he shall be given a hearing before a member of the commission or some disinterested person designated by the chairman of the commission. Said hearing shall be commenced in not less than three nor more than ten days after filing of such appeal and shall be completed within thirty days after such filing unless, in either case, both parties shall otherwise agree in a writing filed with the commission, or unless the member or hearing officer determines, in his discretion, that a continuance is necessary or advisable. If the commission determines that such appeal has been previously resolved or litigated with respect to such person, in accordance with the provisions of section eight of chapter one hundred and fifty E, or is presently being resolved in accordance with such section, the commission shall forthwith dismiss such appeal. If the decision of the appointing authority is based on a performance evaluation conducted in accordance with the provisions of section six A and all rights to appeal such evaluation pursuant to section six C have been exhausted or have expired, the substantive matter involved in the evaluation shall not be open to redetermination by the commission. Upon completion of the hearing, the member or hearing officer shall file forthwith a report of his findings with the commission. Within thirty days after the filing of such report, the commission shall render a written decision and send notice thereof to all parties concerned.

If the commission by a preponderance of the evidence determines that there was just cause for an action taken against such person it shall affirm the action of the appointing authority, otherwise it shall reverse such action and the person concerned shall be returned to his position without loss of compensation or other rights; provided, however, if the employee, by a preponderance of evidence, establishes that said action was based upon harmful error in the application of the appointing authority's procedure, an error of law, or upon any factor or conduct on the part of the employee not reasonably related to the fitness of the employee to perform in his position, said action shall not be sustained and the person shall be returned to his position without loss of compensation or other rights. The commission may also modify any penalty imposed by the appointing authority.

Any hearing pursuant to this section shall be public if either party so requests in writing. The person who requested the hearing shall be allowed to answer, personally or by counsel, any of the charges which have been made against him.

The decision of the commission made pursuant to this section shall be subject to judicial review as provided in section forty-four.

Saturdays, Sundays and legal holidays shall not be counted in the computation of any period of time specified in this section.

M.G.L.A. 31 § 44

Massachusetts General Laws Annotated Currentness

Part I. Administration of the Government (Ch. 1-182)
Title IV. Civil Service, Retirements and Pensions (Ch. 31-32B)
Chapter 31. Civil Service (Refs & Annos)
**§ 44. Judicial review**

The commission may institute appropriate proceedings in the superior court for enforcement of its final orders or decisions. Any party aggrieved by a final order or decision of the commission following a hearing pursuant to any section of this chapter or chapter thirty-one A may institute proceedings for judicial review in the superior court within thirty days after receipt of such order or decision. Any proceedings in the superior court shall, insofar as applicable, be governed by the provisions of section fourteen of chapter thirty A, and may be instituted in the superior court for the county (a) where the parties or any of them reside or have their principal place of business within the commonwealth, or (b) where the commission has its principal place of business, or (c) of Suffolk. The commencement of such proceedings shall not, unless specifically ordered by the court, operate as a stay of the commission's order or decision.

M.G.L.A. 31 § 45

Massachusetts General Laws Annotated Currentness

Part I. Administration of the Government (Ch. 1-182)
Title IV. Civil Service, Retirements and Pensions (Ch. 31-32B)
Chapter 31. Civil Service (Refs & Annos)
**§ 45. Reimbursement for defense expenses**

A tenured employee who has incurred expense in defending himself against an unwarranted discharge, removal, suspension, laying off, transfer, lowering in rank or compensation, or abolition of his position and who has engaged an attorney for such defense shall be reimbursed for such expense, but not to exceed two hundred dollars for attorney fees for each of the following: (1) a hearing by the appointing authority; (2) a hearing pursuant to section forty-two or forty-three; (3) a judicial review pursuant to section forty-four; and not to exceed one hundred dollars for each of the following: (1) summons of witnesses; (2) cost of stenographic transcript; (3) any other necessary expense incurred in such defense.

Any person seeking such reimbursement shall file with his appointing authority a written application therefor within thirty days after final disposition of his case. The appointing authority shall, within thirty days after receipt of such application, pay such reimbursement from the same source as that from which the salary of the person seeking the reimbursement is paid, but only upon receipt of satisfactory proof that such expenses were actually incurred for the purposes set forth in this section.

Saturdays, Sundays, and legal holidays shall not be counted in the computation of any time period specified in this section.