# EXHIBIT E

**Mark Gagliardi**

| | |
|---|---|
| **From:** | Bowman, Christopher (CSC) <christopher.bowman@state.ma.us> |
| **Sent:** | Thursday, May 25, 2023 4:22 PM |
| **To:** | Mark Gagliardi; Joseph McClellan |
| **Subject:** | Joseph Abasciano v. Boston Police Department, CSC Case No. D1-23-033 |
| **Attachments:** | SAMPLE EXHIBITS WITH DIVIDER PAGES AND BATES NUMBERING.pdf; EXHIBIT LIST.xlsx; PARTICIPANT LIST with EMAIL ADDRESSES.xlsx; MOVEit instructions for external users.docx |

PROCEDURAL ORDER

1. On March 23, 2023, the Appellant, Joseph Abasciano (Appellant), filed an appeal with the Civil Service Commission (Commission) contesting the decision of the Boston Police Department (BPD) to terminate him from his position as a Boston Police Officer.

2. At the request of the Appellant, a pre-hearing scheduled for April 25, 2023 was postponed to May 23, 2023.

3. I held the remote pre-hearing conference on May 23, 2023 with CSC Law Clerk Alana Khan which was attended by the Appellant, his counsel and counsel for the BPD. The parties stipulated to the following:

    A. The Appellant was employed by the BPD as a police officer since June 2007.

    B. The Appellant was a permanent, tenured civil service employee.

    C. On July 30, 2023 and February 15, 2023, the BPD held a hearing to determine if the Appellant should be terminated.

    D. The Appellant testified on his own behalf at the local hearing

    E. On March 13, 2023, the Appellant was notified that he was being terminated for alleged misconduct which allegedly occurred on January 6, 2021.

    F. On March 23, 2023, the Commission received a timely appeal contesting the Appellant's termination (Section 43 Just Cause Appeal) and contesting whether the BPD followed the proper procedures in carrying out the termination (Section 42 Procedural Appeal).

4. At the pre-hearing conference, counsel for the BPD stated that there is <u>no</u> allegation that the Appellant participated in any violence in the Capitol on January 6, 2021. Rather, according to the BPD, the Appellant sent a series of "abhorrent tweets" that called into question whether he could carry out his duties as a Boston police officer objectively, including a tweet allegedly advocating for insurrection of the United States government, and labeling certain individuals as traitors. According to the BPD, the BPD has no social media policy, but the Appellant's postings violated rules regarding conduct unbecoming a police officer and the canon of ethics applicable to Boston police officers.

5. According to counsel for the Appellant, the BPD previously conducted an investigation regarding this same matter, and, based on the same evidence and facts, concluded that the Appellant engaged in no wrongdoing, which was "signed off on" by the BPD's legal department. According to counsel for the Appellant, approximately one year after the BPD made the conclusion regarding no wrongdoing, the BPD "re-opened" the investigation at the request of the new BPD Commissioner and, based on the same facts, found that the Appellant had engaged in misconduct that

warranted termination. (As part of the pre-hearing conference, I referenced a CSC decision which can be found at: https://www.mass.gov/doc/godere-jeffrey-v-city-of-chicopee-21320/download?_ga=2.27450491.637708286.1685045692-1255720925.1661195081; https://www.mass.gov/doc/godere-jeffrey-v-city-of-chicopee-related-superior-court-decision-92221/download?_ga=2.27450491.637708286.1685045692-1255720925.1661195081 (under appeal in Appeals Court)).

6. Counsel for the Appellant argued that the BPD has violated the Appellant's First Amendment protections and points to the fact that only 2 of the 6 tweets were sent after violence occurred in the Capitol, with one of those tweets purportedly quoting Ulysses S. Grant.

7. Counsel for the Appellant also argued that the investigation was "re-opened" shortly after the Appellant amended a pending MCAD complaint to add a charge of retaliation.

8. This appeal also involves potential issues of jurisdiction regarding the Peace Officer Standards and Training Commission (POST). Specifically, G.L. c. 31, §§ 42 – 43 as amended state in part: " … This section [42 and 43] shall not apply to a person who is the subject of disciplinary action or other employment-related consequences by an appointing agency, as defined in section 1 of chapter 6E, **that results from decertification** under section 10 of said chapter 6E …". (emphasis added) POST's enabling legislation and regulations, however, reference certain rights for a police officer to appeal an underlying termination prior to any final action by POST related to a de-certification request.

9. I hereby issue the following interim orders:

I      Counsel for the Appellant shall, forthwith, notify the Commission if the Appellant's appeal is going forward under both Section 42 (Procedural) and Section 43 (Just Cause) or just Section 43. If both, counsel for the Appellant must file a more
     definite statement identifying the alleged procedural violations and how those purported violations prejudiced the Appellant.

II     Both parties shall, forthwith, provide the Commission with any and all MCAD-related communication (to/from) in their possession related to the Appellant's complaint(s) against the BPD.

III     Within 30 days, both parties are to submit position statements, no longer than 5 pages, regarding how the POST-related statutes, regulations and rules impact the Appellant's pending appeal before the Commission and, specifically, whether the Commission has authority to overturn a termination that could result in his de-certification. Included in those positions statements should be a reference (with attachments) to any communication between POST and the Appellant and POST and PBD as it relates to this matter.

**PREPARATION FOR IN-PERSON FULL HEARING**

An in-person full evidentiary hearing will be held on **August 16, and August 23, 2023 at 10:30 A.M.** at 100 Cambridge Street; (Saltonstall Building: Court Room 2E); Boston, MA 02114. (Note NEW CSC Location.) *(All hearing participants must check-in with building security on the second floor of the Saltonstall Building; see below regarding the importance of listing ALL participants on the participant list to prevent any delay in being granted access to the building.)*

General information regarding the appeals process and how a full hearing is conducted may be found at: https://www.mass.gov/service-details/learn-about-the-civil-service-commission-appeals-process

Both parties will receive, under separate cover, a notice of in-person full hearing.

The purpose of this Procedural Order is to provide detailed guidance regarding the preparation required for the full hearing.

**General Policy Regarding Submission of Documents to the Commission**

- Absent authorization from a member of the Commission, documents related to ongoing appeals should **NOT** be sent to the Commission via mail.
- All documents should be submitted via email to cscdocuments@mass.gov, or via the state's MOVEit program to cscdocuments@mass.gov if the email has large file(s) attached. (See below)
- When this appeal is assigned to an individual hearing officer, you may be directed to begin sending email correspondence directly to that hearing officer.

**Required Registration with MOVEit, the state's file transfer program**

- In order to send or receive large files to/from the Civil Service Commission, you must first register with MOVEit, the file transfer program used by the Commonwealth of Massachusetts.
- Even if you don't anticipate SENDING large files to the Commission, **you must still register with MOVEit**, as the Commission may need to send a recording of the hearing to you via MOVEit, as the size of the recording is too large to attach to an email.
- Under separate cover, within 24 hours , you will receive an email from: invites@microsoft.com to register for the MOVEit program.
- If the email is not found in your Inbox, it may be found in the SPAM or Junk folders.
- You should click on "Accept Invitation"
- You should then follow the instructions to setup Multi-Factor Authentication (MFA) **AND THEN LOGIN TO MOVE IT AT LEAST ONCE TO ACTIVATE YOUR ACCOUNT**.
- As authorization is granted to individual email users, each person who may be assisting with sending or receiving files to/from the Commission regarding this appeal must register with MOVEit. That may be the reason that other persons (not present at the pre-hearing) are copied on this Procedural Order, as they may be receiving separate email invitations to register.
- If any additional person, not copied on this email, requires MOVEit authorization, you should contact CSC Office Manager Medes Diaz at medes.diaz@mass.gov to request that a registration email be sent to that person.
- *NOTE TO STATE EMPLOYEES: All Executive Branch state employees are already "registered" with MOVEit. However, in order to send or receive documents, you must first SIGN IN to MOVEit at least once by going to:* https://mft.mass.gov/)

**Within 30 days, the parties must each submit the following documents to the Commission electronically:**

**List of Participants**

- Both parties must submit a participant list with names of participants. (See attached Excel spreadsheet. Do not combine this document with any other document and save it as an Excel spreadsheet only (i.e. – do not save it as a pdf document). (Note: we are still seeking email addresses in the event that the in-person hearing is converted to a remote hearing or an individual witness must testify remotely as part of a hybrid hearing).
- Information regarding how to request authorization to subpoena witnesses can be found at: https://www.mass.gov/how-to/request-a-subpoena-for-a-civil-service-hearing

- The parties are responsible for ensuring that witnesses appear at the hearing location on the designated date and time.
- *Reminder:  You must list ALL participants who will be attending the hearing.  If a name is not on the Participant List,  that person will not be pre-registered with Building Security, resulting in a delay in accessing the building.*
- **Upon submission, the opposing party will have 30 days to submit objections to any proposed witnesses.**

**At least TWO WEEKS prior to the Full Hearing, the parties must each submit the following documents to the Commission electronically:**

*Note:  It is the responsibility of the parties to plan accordingly in regard to document requests, motions to compel, etc. in order to meet this two-week deadline.*

**Exhibits:**

- Exhibits must be submitted electronically, with a copy to the other party in pdf format.
- Please include a divider / title page at the beginning of each proposed exhibit (e.g. – Exhibit 1:  Bypass letter) (See attached sample.)  Note:  The exhibits are NOT to be submitted individually.  For example, if you are submitting 10 exhibits, that should be sent to the Commission as one file with ten divider sheets included in that one file.
- If possible, please use bates numbering, 4 digits, upper left, 20 point font red.  Respondent exhibits should have the prefix "R" for Respondent; Appellant Exhibits should have prefix "A" and Joint Exhibits should have prefix "J".  Bates numbering should start on page 1 and ALL pages should be bates numbered, including divider pages.
- Redactions must be made to exhibits **prior to submission**.  https://www.mass.gov/doc/civil-service-commission-hearing-guidelines-to-protect-confidentiality/download
- A separate exhibit list must be submitted in Excel format using the attached template.  (Do not change the format of this document and do not combine it with the pdf copy of the Exhibits.)
- Exhibits with less than 150 pages can typically be submitted as an attachment to an email to:  christopher.bowman@mass.gov or cscdocuments@mass.gov.
- Exhibits with more than 150 pages or exhibits such as videos, etc., typically cannot be submitted as an attachment to an email.  Rather, they may be submitted through the MOVEit program referenced above.

**On the day of the full hearing, the parties are required to submit the following to the Commission prior to the commencement of the hearing:**

1. **Four** hard copies of the exhibits for:  a) you; b) the opposing party; c) witnesses; and d) hearing officer.

2. **Three** hard copies of the Exhibit List for:  a) you; b) the opposing party; and c) hearing officer.

**Other Information**

- The hearing will be audio and/or audio/video recorded via Webex.  Parties will be sent a copy of the recording and should use this recording to prepare a transcript if desired.

If the parties need assistance or guidance regarding the submission of electronic exhibits, please contact me well in advance of the above-referenced deadlines using the contact information below.

Thank you for your cooperation.

Chris Bowman

_____
**Christopher C. Bowman**
*Chair*
Massachusetts Civil Service Commission
**NOTE OUR NEW ADDRESS**
100 Cambridge Street, Suite 200
Boston, MA 02114
Main:  (617) 979-1900
Direct:  (617) 979-1902
christopher.bowman@mass.gov
www.mass.gov/csc