UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
(Boston Division)

| | | |
|---|---|---|
| JOSEPH ABASCIANO, | : | |
|     Plaintiff | : | |
| | : | |
| | : | |
| v. | : | C.A. No. 1:24-cv-12654-ADB |
| | : | |
| | : | |
| CITY OF BOSTON, by and Through | : | |
| Its Treasurer, Ashley Groffenberger; | : | |
| MICHELLE WU; MICHAEL A. COX; | : | |
| PHILLIP OWENS; and | : | |
| JOSEPH COPPINGER, | : | |
|     Defendants. | : | |

**RESPONSE TO DEFENDANTS' STATEMENT OF ADDITIONAL MATERIAL FACTS**

Pursuant to Local Rule Cv 56.1 of the Local Rules for the U.S. District Court for the District of Massachusetts, Plaintiff Joseph Abasciano ("Abasciano"), by and through his attorney, hereby responds to Defendants' Statement of Additional Material Facts as follows:

54. Sgt. Antunez did not undertake any investigation into the First Amendment to see if any of Officer Abasciano's tweets were protected speech. Civil Service Commission Appeal Hearing Transcript (Day 1) p. 82 ¶ 19.

    **Plaintiff's Response: OBJECTION. Sgt. Antunez's role in the internal affairs investigative process was to collect information, draft a report, and submit it to his immediate supervisor (Lt. Det. Lema). It was not part of Sgt. Antunez's role in the investigative process to undertake any investigation into the First Amendment to determine whether or not any of Abasciano's tweets were protected speech.**

    **Evidence: Hrg. Tr. Day 1 at 45:20-46:4.**

55. Supt. Dottin did not investigate Abasciano's political speech in the context of First Amendment law. Civil Service Comm'n Appeal Hearing Tr. (Day 1), p. 172 ¶16)

    **Plaintiff's Response: OBJECTION. Supt. Dottin's role in the investigative process was to review the Lt. Det.'s report and sign off on it and send it to legal or send it back for further investigation or questions. It was not part of Supt. Dottin's role in the investigative process to undertake any investigation into the First Amendment to determine whether or not any of Abasciano's tweets were protected speech.**

    **Evidence: Hrg. Tr. Day 1 at 104:11-17.**

56. Supt. Dottin was unable to answer questions about the First Amendment standard. Civil Service Commission Appeal Hearing Transcript (Day 1), pp. 153-154.

    **Plaintiff's Response**:  Undisputed.

57. Supt. Dottin did not investigate any potential internal disruptions as a result of Abasciano's tweets as that was not considered in the disciplinary meetings regarding rules violations. Civil Service Commission Appeal Hearing Transcript (Day 1), p. 175.

    **Plaintiff's Response**:  **OBJECTION.  Dottin testified that she was not aware of any internal disruptions within the Department because of Abasciano's speech.  She never testified whether or not she conducted any investigation into internal disruptions.**

58. The Civil Service Commissioner's questions to the witnesses focused on political speech as defined in the Boston Police Rules and Regulations and not a First Amendment analysis. Civil Service Commission Appeal Hearing Transcript (Day 1), pp. 95-97.

    **Plaintiff's Response**:  **Disputed.  BPD Rule 102, § 30 protects police officers' First Amendment rights.  Though the rule does not specifically reference the First Amendment by name, the protections provided by the rule apply to off duty, private speech on political matters.  Therefore, Commissioner Stein's questions about the protection provided by BPD Rule 102, § 30 was the functional equivalent to questions focused on political speech and a First Amendment analysis.**

59. Supt. Ownes (sic) testified that his investigation was conducted strictly to review rules violations and that he did not do any analysis of First Amendment protected speech and is unfamiliar with the Pickering test. Civil Service Commission Appeal Hearing Transcript (Day 2), p. 126, ¶¶ 6-12, 17-23.

    **Plaintiff's Response**:  **Disputed.  When asked if he reviewed a U.S. Supreme Court case named Pickering, Owens testified: "I may have." (Hrg. Tr. Day 2 at 126:10-12).**

60. Supt. Ownes (sic) testified that he did not do anything, as a part of his investigation, to determine whether or not Abasciano's tweets were protected speech under the First Amendment. Civil Service Commission Appeal Hearing Transcript (Day 3), pp. 154 – 155.

    **Plaintiff's Response**:  Undisputed.

61. Supt. Crispin testified that the rules require a balance between what conduct is unbecoming and what is First Amendment rights and notes his findings were that the seven tweets were protected conduct under 102, section 30, but made no specific findings as to First Amendment protections. Civil Service Commission Appeal Hearing Transcript (Day 4), pp. 52-53.

    **Plaintiff's Response**:  Disputed.  BPD Rule 102, § 30 protects police officers' First Amendment rights.  Though the rule does not specifically reference the First Amendment by name, the protections provided by the rule apply to off duty, private speech on political matters.  Therefore, when Crispin testified that Abasciano tweets were protected conduct under BPD Rule 102, § 30, it was the functional equivalent to testifying that the tweets were protected speech under the First Amendment.

62. Supt. Crispin notes that officers are trained in protecting people's First Amendment rights, but not necessarily as it relates to police officer's right to expression under the First Amendment. Civil Service Commission Appeal Hearing Transcript (Day 4), p. 148.

    **Plaintiff's Response**:  Undisputed.

63. Supt. Crispin testified that officers are not trained on their own First Amendment rights, but given a set of the Department's rules and regulations, with no specific focus on their own ability to exercise the First Amendment. Civil Service Commission Appeal Hearing Transcript (Day 4), pp. 148-149.

    **Plaintiff's Response**:  Undisputed.

                Respectfully submitted by:

                Plaintiff
                JOSEPH ABASCIANO

                By His Attorney,

                /s/Mark P. Gagliardi
                Mark P. Gagliardi (MA BBO #657622)
                mark@markgagliardilaw.net

                LAW OFFICE OF MARK P. GAGLIARDI
                56 Pine Street, Suite 200
                Providence, RI 02903
                (401) 277-2030 (office)
                (401) 274-2780 (fax)
                (401) 487-6666 (mobile)

Dated:  July 29, 2025

## CERTIFICATION OF SERVICE

    I hereby certify that on this **29**th day of July 20**25**, I filed electronically this document with the ECF system of the United States District Court for the District of Massachusetts and, therefore, all counsel of record has received notice electronically.

                                      /s/Mark P. Gagliardi
                                      Mark P. Gagliardi