UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
(Boston Division)

| | | |
|---|---|---|
| JOSEPH ABASCIANO,<br>Plaintiff<br><br>v.<br><br>CITY OF BOSTON, by and Through Its Treasurer, Ashley Groffenberger; MICHELLE WU; MICHAEL A. COX; PHILLIP OWENS; and JOSEPH COPPINGER,<br>Defendants. | : | C.A. No. 1:24-cv-12654-ADB |

**PLAINTIFF'S MOTION TO EXTEND THE DEADLINES SET FORTH IN THE COURT'S NOVEMBER 14, 2025 SCHEDULING ORDER**

Now comes Plaintiff Joseph Abasciano, by and through his attorney, and hereby moves this Honorable Court pursuant to Fed. R. Civ. P. 16(b)(4) to extend the deadlines set forth in the Court's November 14, 2025 scheduling order by ninety (90) days. In support hereof, Plaintiff states the following:

- Good cause exists for the requested extension. Plaintiff has diligently attempted to obtain Defendants' responses to interrogatories that remain outstanding. They were propounded on May 30, 2025 and due on December 4, 2025 after the Court lifted the stay on discovery, but Defendants have repeatedly delayed, served incomplete and objection-heavy responses to document request, failed to comply with agreed deadlines, and then noticed Plaintiff-side depositions for October and November 2026, after the current fact discovery deadline.
- Plaintiff does not seek to reopen discovery because of lack of diligence. The opposite is true. Plaintiff served his discovery, produced documents, repeatedly pressed Defendants

for overdue responses, agreed to reasonable extensions, and attempted to move the case forward. Defendants' discovery conduct has made orderly deposition discovery impossible within the current schedule.

- Plaintiff also does not seek an artificially narrow extension limited to a fixed list of depositions. Defendants' delayed and incomplete discovery has prevented Plaintiff from knowing the full scope of necessary deposition discovery. Depositions may reveal the need for supplemental document production, additional written responses, follow-up discovery, or additional depositions. Plaintiff therefore requests a 90-day extension of fact discovery generally, including depositions, supplemental document production, written discovery, third-party discovery, and any follow-up discovery necessitated by overdue responses or deposition testimony.

**FACTUAL BACKGROUND**

On November 14, 2025, the Court approved the parties' proposed post-summary-judgment schedule, setting June 12, 2026 as the deadline for fact discovery and for completion of all non-expert depositions.

On April 6, 2026, the Court denied the parties' joint motion to set interim discovery deadlines, stating: "Fact discovery is scheduled to close on June 12, 2026. The Court is confident that the parties can manage interim deadlines amongst themselves."

On June 12, 2026, the parties jointly moved to extend fact discovery by ninety days, representing that Defendants had served responses to Plaintiff's requests for admission but had not served interrogatory responses or responses to Plaintiff's requests for production; that Plaintiff had served interrogatory responses; that Plaintiff's responses to Defendants' requests for production were forthcoming; that no depositions had been taken; and that all depositions remained to be completed.

On June 19 and 20, 2026, Plaintiff served his responses to Defendants' requests for production and transmitted his documents, stated that Plaintiff had fully complied with his discovery obligations, noted that Defendants had not served complete discovery responses, demanded Defendants' complete responses by June 26, 2026, and advised that Plaintiff was prepared to schedule depositions but could not do so until Defendants responded to discovery.

After June 26, 2026 passed without Defendants' complete responses, Plaintiff invoked Local Rule 37.1 and requested a discovery conference, noting that Defendants still had not served interrogatory responses or document responses despite prior representations that Cox and Owens' interrogatory responses were complete and awaiting signatures and that document responses would be served "today or at the latest Monday morning."

On July 2, 2026, Defendants served Chief Phillip Owens' interrogatory answers, Defendants' responses to Plaintiff's first set of document requests, and documents Bates-stamped ABASCIANO 002984 through 013241, while also stating: "We will send the remaining outstanding discovery as soon as it is finalized."

Defendants' responses to Plaintiff's first set of document requests were certified as served by email on July 2, 2026. Those responses were not full responses. For example, Defendants objected to and stated they had no documents responsive to requests concerning analysis of Plaintiff's tweets, communications among Cox, Owens, and Coppinger about the tweets, and the termination decision-making process. Defendants also objected to and stated they had no documents responsive to requests concerning dissemination of Cox's termination letter, Coppinger's alleged threat assertion, Coppinger's discovery of Plaintiff's anonymous Twitter account, and compensation for a detective promotion. Defendants further stated that disciplinary records for Coppinger, Cox, and Owens and third-party subpoena documents were not then in their possession, custody, or control, but reserved the right to supplement and stated they would forward materials once received.

Owens' response to Interrogatory No. 16, which sought the steps, inquiries, analyses, investigations, participants, communications, and documents concerning whether Plaintiff's tweets constituted protected First Amendment speech, consisted of objections followed by a brief answer that Owens reviewed the internal investigation file, compared Plaintiff's actions to BPD rules and regulations, reached the determination in his non-concurrence letter, and referred Plaintiff to that letter under Rule 33(d). Owens also did not identify trial witnesses or summarize their expected testimony, instead stating that all individuals identified in Defendants' initial disclosures, interrogatory responses, and RFP responses were potential witnesses and that Defendants would provide a witness list before trial.

On July 28, 2026, Plaintiff confirmed the parties' meet-and-confer agreement that the City of Boston would serve outstanding interrogatory responses within two weeks, on or before August 11, 2026, and advised that Plaintiff would separately send a Rule 37 letter addressing deficiencies in Defendants' discovery responses and production. Defendants did not meet that agreed August 11 deadline. Defendants also did not timely cooperate in completing depositions before the current fact discovery deadline.

After Plaintiff served his discovery responses and production, Defendants waited approximately two months before noticing Plaintiff-side depositions. Defendants then noticed depositions of Natasha Abasciano and Adam Chelmo for October 21, 2026, and David Bianchetto and Louis Murray for November 3, 2026, all after the September 10, 2026 fact discovery deadline.

Defendants' own deposition notices therefore confirm what Plaintiff has been attempting to address: fact discovery cannot be completed under the current schedule. But Defendants should not be permitted to benefit from their own delay by unilaterally noticing depositions outside the deadline while resisting Plaintiff's ability to obtain the discovery and depositions necessary to prepare the case for trial.

## ARGUMENT

## I. GOOD CAUSE EXISTS FOR A 90-DAY EXTENSION.

Plaintiff has diligently pursued discovery. Plaintiff responded to Defendants' written discovery, produced documents, pressed Defendants repeatedly for overdue responses, participated in meet-and-confer efforts, and agreed to reasonable extensions designed to permit discovery to be completed.

The obstacle has been Defendants' persistent delay and piecemeal compliance. Defendants did not timely serve interrogatory answers or document responses. When they finally served partial responses on July 2, 2026, they also stated that "remaining outstanding discovery" would follow. They then agreed on July 28, 2026 to serve outstanding interrogatory responses by August 11, 2026. Those responses remain outstanding almost one month later without a peep from Defendants — no request for more time and not acknowledgement that the fact discovery deadline was on the horizon. Plaintiff could not reasonably complete depositions while Defendants were still withholding basic interrogatory answers, serving incomplete written responses, reserving supplementation on important document categories, and failing to identify key information about witnesses, communications, decision-makers, legal review, and the factual basis for Defendants' defenses.

This is especially significant because liability has already been resolved against Defendants on Plaintiff's First Amendment claim. The Civil Service Commission held a five-day evidentiary hearing, the parties submitted post-hearing briefs, the Commission vacated Plaintiff's termination, and the BPD did not appeal that decision. Plaintiff's summary-judgment motion explained that the Commission ruled Plaintiff's tweets were protected speech, that the City had no just cause for termination, that no disruption to City operations occurred, that the sole reason for termination was Plaintiff's speech, and that the City failed to show any other legitimate, non-retaliatory reason.

Despite that posture, Defendants have not treated the discovery schedule with the seriousness it requires. Their delayed and incomplete discovery has impaired Plaintiff's ability to determine the full scope of needed depositions and follow-up discovery.

## II. A 90-DAY EXTENSION IS NECESSARY TO PERMIT ORDERLY COMPLETION OF DEPOSITIONS AND FOLLOW-UP DISCOVERY.

Plaintiff requires additional time to complete depositions necessary to prepare this case for trial. Those depositions include Commissioner Michael Cox, Chief Phillip Owens, Defendant Joseph Coppinger, a City/BPD Rule 30(b)(6) designee, and witnesses concerning Plaintiff's damages and Defendants' asserted defenses. Depending on Defendants' overdue written discovery, supplemental production, and deposition testimony, additional depositions may also be necessary.

These depositions could not be completed in an orderly manner while Defendants had not served complete written discovery responses, had not completed document production, and had not served interrogatory responses they agreed to provide by August 11, 2026. Plaintiff should not be required to depose key witnesses blindly, without Defendants' interrogatory answers, complete document production, and clear positions on the factual bases for their defenses.

A 90-day extension will permit the parties to complete discovery in a structured manner, including completing overdue written discovery, reviewing supplemental production, taking necessary depositions, and addressing any follow-up discovery that arises from those depositions.

Plaintiff also anticipates deposing witnesses involved in the disciplinary-review and Green Folder process.

## III. DEFENDANTS' OUT-OF-DEADLINE DEPOSITION NOTICES SHOULD NOT BE ALLOWED TO STAND ABSENT AN EXTENSION OR COURT ORDER.

Defendants noticed Plaintiff-side depositions for October and November 2026, outside the current September 10, 2026 deadline. Defendants did so after delaying their own discovery responses and after waiting approximately two months from Plaintiff's production to notice the depositions.

Plaintiff does not contend Defendants may never take appropriate depositions. Plaintiff does contend that Defendants cannot unilaterally notice depositions outside the Court's deadline and then use the schedule they helped break as a sword against Plaintiff.

If the Court extends fact discovery, Defendants may re-notice depositions within the extended period by agreement or Court order. If the Court does not extend fact discovery, Defendants' October and November notices should be deemed ineffective as outside the discovery period.

## REQUESTED RELIEF

For these reasons, Plaintiff respectfully requests that the Court:

1. Extend the dates in the Court's November 14, 2025 scheduling order by ninety days;
2. Deem Defendants' October and November 2026 deposition notices ineffective absent re-noticing within an extended discovery period by agreement or Court order;
3. Address the pending discovery issues at the September 15, 2026 status conference and set firm deadlines for Defendants' outstanding discovery responses and production; and
4. Grant such further relief as the Court deems just and proper.

Respectfully submitted by:

Plaintiff
JOSEPH ABASCIANO,

By His Attorney,

/s/Mark P. Gagliardi

Mark P. Gagliardi (MA BBO #657622)

LAW OFFICE OF MARK P. GAGLIARDI
56 Pine Street, Suite 200
Providence, RI 02903
(401) 277-2030 (office)
(401) 274-2780 (fax)
(401) 487-6666 (mobile)
mark@markgagliardilaw.net

**CERTIFICATION OF SERVICE**

I hereby certify that on this **9**th day of September 20**26**, I filed electronically this document with the ECF system of the United States District Court for the District of Massachusetts and, therefore, all counsel of record has received notice electronically.

/s/Mark P. Gagliardi
Mark P. Gagliardi